IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alfonzo J. Howard, | ) | C/A No.: 1:21-3356-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER AND NOTICE |
| | ) | |
| Michael Stephan, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Alfonzo J. Howard ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the Respondent to file an answer.

I.    Factual and Procedural Background

Petitioner was indicted at the June 2006 term of the Beaufort County Grand Jury for criminal sexual conduct first degree (2006-GS-07-1097), possession of a weapon during the commission of a violent crime (2006-GS-07-1096), carjacking (2006-GS-07-1095), two counts of kidnapping (2006-GS-07-1093, -1094), and two counts of armed robbery (2006-GS-07-1098,-1099). Petitioner proceeded to trial and was found guilty. Petitioner states that he

was sentenced to 175 years' imprisonment at ECF No. 1 at 1, but the order dismissing his post-conviction release ("PCR") application indicates he was sentenced to life without parole. Petitioner appealed and his conviction and sentence were affirmed on February 22, 2011. [ECF No. 1 at 2].

Petitioner filed his PCR application on July 14, 2011, and it was dismissed on September 23, 2016. *Id.* at 2–3. He filed a motion to alter or amend the judgment on October 5, 2016, which was denied on October 27, 2016. *Id.* at 3–4. He appealed the PCR court's decision, and it was affirmed on May 9, 2019. The remittitur is dated May 28, 2019, and was filed May 30, 2019.

Petitioner raises the following Grounds in this petition:

1) Ineffective Assistance of Counsel: Trial counsel failed to properly challenge the issue of probable cause at the April 23, 2007 *Schmerber* hearing, which led to the state obtaining a blood sample from Defendant.

2) Ineffective Assistance of Counsel: Appellate counsel failed to raise the issue of whether trial counsel's actions during Defendant's trial so tainted the proceedings so as to amount to a denial of due process and prevented Defendant from receiving a fair trial.

[ECF No. 1 at 5].

Petitioner filed the instant petition on October 14, 2021. In the section of the petition directing Petitioner to address the timeliness of the petition, he stated that he mailed a habeas petition on July 17, 2019, to this court, along with a copy. *Id.* at 10–11. He states that since then he has been placed in the restricted housing unit ("RHU"), has been quarantined, and has been moved

around a few times. *Id*. at 11. He now asks if this court received his application and states he has inquired about it with all mailroom staff, but all the staff changed since 2019. He further states "I've been told if I haven't heard anything by now then my paperwork wasn't filed which is unfair and that I needed to file again and explain why I am doing such." *Id*.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    The Habeas Petition is Untimely

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.**

28 U.S.C. § 2244(d) (emphasis added). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running at "the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 556 U.S. 134, 149–52 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)). Petitioner filed no direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining Petitioner's conviction became final when his 90 day time period for seeking review of his conviction with the United States Supreme Court expired).

Petitioner's appeal of his PCR application was denied on May 9, 2019. Accordingly, Petitioner's conviction became final on May 28, 2019, the earliest date the appellate court could issue a remittitur. *See* Rule 221, South Carolina Appellate Court Rules. Petitioner waited over two years before filing the instant petition, well after the statute of limitations had run. Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

2.    Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris*, 209 F.3d at 329–30. The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).    Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The *Holland* Court reiterated its prior holding that the statute would be equitably tolled "only if [the petitioner] shows

6

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

<u>NOTICE CONCERNING AMENDMENT</u>

Petitioner may attempt to correct the defects in his habeas petition by submitting a document by **November 9, 2021**, to this court providing facts concerning the issue of timeliness of this petition that would provide a basis for the application of equitable tolling and thereby potentially prevent dismissal based on the limitations bar. If Petitioner fails to submit such information or fails to provide a sufficient basis for the application of equitable tolling, the court will recommend to the district court that the case be dismissed.

IT IS SO ORDERED.

October 26, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

7