**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Alfonzo J. Howard, | ) | Case No. 1:21-cv-3356-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Michael Stephan, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 10) recommending that the Court dismiss Petitioner's petition without requiring the Respondent to file an answer. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition.

**I.    Background**

Petitioner, a state prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of various crimes including criminal sexual conduct-first disagree, possession of a weapon during the commission of a violent crime, carjacking, two counts of kidnapping, and two counts of armed robbery in South Carolina state court and sentenced to life without parole. Petitioner appealed and his conviction and sentence were affirmed on February 22, 2011. *State v. Howard*, No. 2011-MO-006, 2011 WL 11748262 (S.C. Feb. 22, 2011).

Petitioner filed his PCR application on July 14, 2016, and it was dismissed on September 23, 2016. Petitioner filed a motion to alter or amend the judgment, which was denied on October 27, 2016. He appealed the PCR court's decision, which was affirmed on May 9, 2019. The remittitur is dated May 28, 2019 and was filed May 30, 2019.

Petitioner filed the instant petition over two years later on October 14, 2021. (Dkt. No. 1).

On October 26, 2021, the Court issued an order directing Petitioner to provide the Court with documentation regarding the "timeliness of this petition [which] would provide a basis for application of equitable tolling and thereby potentially prevent dismissal based on the limitations bar." (Dkt. No. 6 at 7).

On November 12, 2021, Petitioner filed with the Court a July 17, 2019 debit form signed by a mailroom officer indicating Petitioner was debited for sending legal mail. (Dkt. No. 8-1 at 1) (indicating postage for mail to the "United States District Court").

On November 12, 2021, the Magistrate Judge issued an R&R recommending that Petitioner's petition be dismissed as untimely. (Dkt. No. 10).

Plaintiff filed objections to the R&R. (Dkt. No. 14). Restating arguments presented in his petition, *see* (Dkt. No. 1 at 11), Petitioner states he filed the instant petition "in hopes of being [accepted] by the court; at the time I . . . hope[d] that someone or the court would say they had received my first petition but [] that wasn't the case. In turn I was told . . . the courts didn't receive my first application which I filed July 17, 2019," (Dkt. No. 14 at 1). Petitioner continues that since July 17, 2019 he "ha[s] been moved around a bit[,] restricted housing unit, quarantined at Kirkland; [I] felt as though those [were] maybe the reasons [] why I didn't get a response for my first application." (*Id.*).  Petitioner states that while he believes "courts take whatever time is needed [and] you don't bother the court on how long till [you] receive responses," at some unspecified point in time—presumably around October 2021—Petitioner filed the instant petition because he "felt as though something didn't feel right." (*Id.* at 1-2) (stating "that was when I started asking around plus there [were] many complaints about the mailroom").

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner filed objections to the R&R, the R&R is reviewed de novo.

## III.    Discussion

Petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d) (1)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Having conducted a *de novo* review of the R&R, Petitioner's filings, and Petitioner's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly

concluded that the instant petition should be dismissed as untimely. As noted in the R&R, pursuant to § 2244, Petitioner was required to file his petition within one-year of the date on which his conviction became final—namely, Petitioner was obligated to file his petition within one year of May 28, 2019. Petitioner, however, filed this Petition on October 14, 2021, over two years later. *See* R&R, (Dkt. No. 10 at 4-6).

The Court overrules Petitioner's above noted objections. Assuming—as the Magistrate Judge did—that Petitioner sent the Court his first habeas petition on July 17, 2019 and that this petition was lost in the mail,[1] Petitioner has nevertheless failed to establish the elements required for equitable tolling.

Equitable tolling is available only where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (AEDPA's statute of limitations subject to equitable toiling for habeas petition where petitioner "presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling of the § 2255 filing deadline available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

---

[1] *See Washington v. Ollison,* No. C 06-4490 SI (pr), 2007 WL 1378013, at *3-4 & n.3 (N.D. Cal. May 9, 2007) (finding § 2254 motion timely filed because petitioner presented the court with prison mail logs, contemporaneous inmate appeals complaining about lost mail, and inmate trust account statements concerning postage, but noting that the "they lost my mail" argument normally fails for purposes of equitable tolling).

Here, even reading Petitioner's *pro se* allegations liberally as this Court must, *see Erickson v. Paradus*, 551 U.S. 89, 94 (2007), Petitioner does not explain with any level of detail the circumstances which prevented him from timely filing his petition or how Petition otherwise acted with diligence in this matter. *See* (Dkt. No. 10 at 8 n.1) (noting that Petitioner fails to show how "he has been diligently pursuing his rights, as he waited over two years to follow up with the court about the petition he allegedly mailed in July 2019" ); (*Id.*) (further noting that the first inmate from the South Carolina Department of Corrections did not test positive for COVID-19 until around April 19, 2020 and observing that Petitioner "has not shown he was quarantined in the 10-11 months following the issuance of the remittitur"); *see Foster v. Warden, Allendale Corr. Inst.*, No. CV 4:21-783 BHH TER, 2021 WL 3195914, at *2 (D.S.C. June 1, 2021), *report and recommendation adopted*, No. CV 4:21-783-BHH, 2021 WL 3190388 (D.S.C. July 28, 2021) ("Petitioner's only allegation as to timeliness was 'covid-19' without further allegation. This is insufficient to plead equitable tolling of the limitations found in 28 U.S.C. 2244(d).") (internal citation omitted). At bottom, and as many courts have held before, Petitioner's conclusory assertions that "lockdowns" and "transfers" impeded his ability pursue this case do not suffice to establish equitable tolling. *See, e.g.*, *Rodriguez v. Padula*, No. 9:12-CV-01875-RBH, 2013 WL 4500452, at *6 (D.S.C. Aug. 20, 2013) ("Delays and/or restrictions on receipt and possession of paperwork and occasional lockdowns and other disruptions in living arrangements are, unfortunately, a part of prison life—but they do not in and of themselves constitute grounds for equitable tolling") (string citing cases to this effect); *Warren v. Kelly,* 207 F. Supp. 2d 6, 10 (E.D.N.Y.2002) (concluding that transfers, solitary confinement, lock downs, restricted access to law library, and inability to secure court documents do not qualify as extraordinary circumstances for purposes of tolling the limitation period); *Coker v. Warden, Lee Correctional Institution,* No.

11–1842, 2012 WL 3115856 (D.S.C. July 30, 2012) (Despite allegations of prison lock downs interfering with time to file his petition, petitioner was not entitled to equitable tolling based on his allegations); *see also Harris,* 209 F.3d at 330–331 (citing *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation)).

Accordingly, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition as untimely.

## IV.    Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## V.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 10) as the Order of Court and **DISMISSES** this action.

**AND IT IS SO ORDERED**.

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

January 13, 2022
Charleston, South Carolina